**Opinion issued September 13, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————

## NO. 01-11-01056-CR

———————

**ANTHONY WAITERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1245127**

---

## MEMORANDUM OPINION

Appellant Anthony Waiters pleaded guilty to a second-degree felony offense of indecency with a child and pleaded "true" to the allegation in an enhancement paragraph. The trial court found appellant guilty, found the enhancement true, and,

in accordance with the terms of appellant's plea agreement with the State, sentenced appellant to confinement for 9 years. Appellant, proceeding pro se, filed a motion to withdraw his plea[1] and a notice of appeal.

We dismiss the appeal for want of jurisdiction.

In a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). The trial court did not rule on any pre-trial motions,[2] and the trial court did not give permission for appellant to appeal.

---

[1] The record before us does not reflect that the trial court ruled on appellant's motion to withdraw his plea. The record also does not reflect that appellant, who became represented by appointed appellate counsel the day he filed his motion, ever complained about a failure to rule.

[2] The only pre-trial order in the record is for statutory DNA testing, of which appellant did not complain. *See* TEX. GOV'T CODE ANN. § 411.1471 (West 2012) (requiring DNA testing after indictment, or waiver of indictment, for certain offenses).

Because appellant has no right of appeal, we must dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Moreover, appellant complains in his notice of appeal that his plea was involuntary. Voluntariness of a guilty plea may not be raised on appeal from a plea-bargained, felony conviction, as here. *See Cooper v. State*, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001).

Accordingly, we dismiss the appeal for want of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).